UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Vincent L. Goodwill,

    Plaintiff,

v.                                            Case No. 10-14200

Saks Fifth Avenue,                            Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER
REGARDING THREE MOTIONS IN LIMINE (D.E. NOS. 28, 29 & 30)**

    This employment discrimination case is scheduled to go to trial on Monday, July 16, 2012. The matter is currently before the Court on three motions in limine filed by the parties. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall: 1) Deny Plaintiff's motion in limine seeking to exclude testimony from Reginald Sneed (D.E. No. 28; 2) Grant Defendant's motion in limine seeking to preclude the EEOC Determination at trial (D.E. No. 29); and 3) Grant Defendant's motion seeking to preclude evidence regarding the post-hiring conduct of those hired by Defendant for tailor positions (D.E. No. 30).

**BACKGROUND**

    The background of this case is set forth in this Court's Opinion & Order on Defendant's Motion for Summary Judgment. (*See* D.E. No. 21). The only claim that remains in this action

1

is Plaintiff's claim that Defendant discriminated against him on the basis of his race when it did not hire him as a tailor in 2007.

## ANALYSIS

### I.  Should The Court Exclude The Testimony Of Reginald Sneed?

Reginald Sneed is an African-American male that Defendant hired as the Alternations Manager of its Troy store in 2009.

Plaintiff asks the Court to exclude his testimony at trial. Plaintiff asserts that Sneed "was never plaintiff Goodwill's co-worker or supervisor at any of his places of employment." (D.E. No. 28 at 2). Plaintiff asserts that because Sneed was hired in 2009, and the hirings at issue took place in 2007, and because Sneed never supervised Plaintiff and had no role in hiring decisions as to Plaintiff, his testimony will not be relevant. Plaintiff further asserts that allowing Sneed to testify is akin to allowing evidence of subsequent remedial measures. Finally, Plaintiff asserts that even if Sneed's testimony is tangentially relevant, the Court should exclude it as unduly prejudicial under Fed. R. Evid. 403.

In response, Defendant states that Plaintiff elected not to depose Sneed although Defendant listed him as a witness. Defendant asserts that this motion improperly seeks discovery as to what Sneed will testify to at trial. Defendant asserts that Sneed's testimony is indeed relevant. It asserts that Sneed went to tailoring school with Plaintiff and worked with him at other employers. It also asserts that Sneed can testify about the general hiring process as to tailors and how and why high end department stores hire tailors through word of mouth. Defendant also asserts that Sneed's testimony is relevant because Lofton – the decision maker who is alleged to have discriminated against Plaintiff on the basis of his race – actively tried to

recruit Sneed in 2003, and again in 2005, before he was finally able to hire him in 2009.

The Court shall deny this motion. The proffered testimony by Sneed appears relevant. Moreover, the Court does not believe that his testimony should be excluded under Fed. R. Evid. 403. While his testimony may be detrimental to Plaintiff's theory of racial discrimination, the Court concludes that such testimony would not be unfairly prejudicial.

**II.     Should The Court Exclude The EEOC Determination At Trial?**

On May 5, 2010, the EEOC issued a Determination with respect to Plaintiff's 2008 EEOC Charge. That is the EEOC Charge includes the sole claim that remains in this case (i.e., that Defendant discriminated against Plaintiff on the basis of his race when it did not hire him for a tailor position in 2007) and it also includes the retaliation claim that was dismissed at the summary judgment stage. The EEOC Determination states that Plaintiff "alleges that he was discriminated, retaliated against and denied hire by [Defendant] because of his race, African America, and for participating in a protected activity." (2005 EEOC Charge). It further states that "[t]he evidence shows there is a reasonable belief that [Defendant] violated Title VII of the Civil Rights Act of 1964, as amended, with regards to [Plaintiff's] allegation." (*Id*.). The Determination does not provide any explanation as to why it found reasonable cause and it does identify any evidence it believes supports Plaintiff's allegations.

Defendant filed a motion in limine asking the Court to exclude the EEOC Determination at trial. (D.E. No. 29).

In response, Plaintiff acknowledges that the "decision whether or not to exclude an EEOC determination is within the sound discretion of the trial court" and such decisions are reviewed only for abuse of discretion. (Pl.'s Resp. Br. at 2). Plaintiff then asserts that the Court

should allow the admission of the EEOC Determination, with a limiting instruction that they are free to disregard any conclusions by the EEOC.

The Court shall grant this motion and preclude the admission of the EEOC Determination at trial. This Court is not making a blanket ruling that EEOC Determinations should never be allowed at trial. But the Court concludes that this particular EEOC Determination should not be admitted at trial. The Court already excluded this EEOC Determination for purposes of considering the summary judgment motion because it is simply a conclusion that does not discuss the reasons for the conclusion or any evidence that was considered by the EEOC. (4/3/12 Opinion & Order at 20-21, citing *Alexander v. Caresource*, 576 F.3d 551 (6th Cir. 2009)). The Court concludes there is an even stronger basis for excluding it at a jury trial.

### III. Should The Court Exclude Testimony Regarding The Post-Hiring Performance Of Other Tailors?

In this motion, Defendant asks the Court to preclude Plaintiff from introducing evidence regarding the performance of persons hired by Defendant in 2007, after those persons had worked for Defendant (i.e., their post-hiring performance at Saks). That evidence includes that one person Defendant hired quit without providing notice, and that another person hired had to be counseled regarding speaking Arabic at work. Defendant contends such evidence is irrelevant because post-hiring performance could not have influenced the decision to hire a particular person. Defendant notes that this Court's Opinion & Order on Defendant's Summary Judgment Motion noted that such evidence is irrelevant to the issue of pretext "because post-hiring performance could not have influenced the decision to hire a person" (4/3/12 Opinion & Order at 14 n.2). Defendant asserts that Plaintiff's tailoring skills are simply not at issue here because it was the negative reference from Willis that caused Defendant not to hire Plaintiff.

In response, Plaintiff asserts that the testimony will show that "tailors who were hired in Plaintiff's stead not only had substantial less skill and experience than he but also had significant disciplinary histories after they became employed by Saks." (D.E. No. 41 at 1-2). Plaintiff asserts that "no less an authority than the United States Supreme Court has rejected the Defendant's argument that the qualifications of other applicants including post-hiring disciplinary records are relevant to the issue of pretext." (D.E. No. 41 at 2). Plaintiff directs the Court to *Texas v. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981) – without specifying the specific portion of that decision that Plaintiff believes supports that assertion. The Court has re-read that decision but fails to see any discussion as to post-hiring disciplinary records being relevant to pretext.

Plaintiff also continues to direct the Court to *White v. Baxter*. But, as explained in the Court's Opinion & Order on Defendant's Motion for Summary Judgment, this case is not analogous to *White v. Baxter* because here Defendant's proffered reason for not hiring Plaintiff is the negative reference by Willis – not that it hired others because they were more qualified than Plaintiff.

The Court shall grant this motion. The Court still concludes that the *post-hiring* conduct of those people who Defendant hired for the tailor positions at issue cannot establish pretext because the Defendant could not have considered such in making its hiring decisions. For example, Plaintiff wants to admit evidence that, several months after Defendant hired him, one of the persons Defendant hired for a tailor position quit without giving notice. The Court fails to see how that would be relevant *even if* Defendant were arguing that it hired that person because he was more qualified (which it is not). The fact that person later quit without providing notice

5

...

...

does not go to whether that person was more qualified at the time they were hired.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that:

1)   Plaintiff's motion in limine seeking to preclude testimony from Reginald Sneed (D.E. No. 28) is DENIED;

2)   Defendant's motion in limine seeking to preclude the admission of the EEOC Determination at trial (D.E. No. 29) is GRANTED; and

3)   Defendant's motion seeking to preclude evidence regarding the post-hiring conduct of those hired by Defendant for tailor positions (D.E. No. 30) is GRANTED.

IT IS SO ORDERED.[1]

                          S/Sean F. Cox
                          Sean F. Cox
                          United States District Judge

Dated:  July 11, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2012, by electronic and/or ordinary mail.

                          S/Jennifer Hernandez
                          Case Manager

---

[1] The Court recognizes that it is making the above rulings before trial has commenced and that it is possible, given the proofs presented at trial, that changed circumstances may warrant reconsideration as to one or more of these rulings. The Court is not precluding either party from raising such issues during trial, if so warranted.